UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL D. NEWMAN, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:15-cv-486-SEB-MPB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION ON
## APPROPRIATE DISPOSITION OF THE ACTION

This matter is before the Court pursuant to District Court Judge Sarah Evans Barker's Order designating the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Filing No. 14.) Plaintiff Michael Newman seeks judicial review of the Social Security Administration's final decision finding him ineligible for Disability Insurance Benefits and Supplemental Security Income. The matter is fully briefed. (Filing No. 15, Filing No. 18.) Being duly advised, I recommend that the Court **AFFIRM** the decision of the Office of Disability Adjudication and Review. (Filing No. 12-2.)

**I.   Background**

On March 30, 2012, Newman filed an application for supplemental security income. He alleged a disability beginning February 1, 2008, due to a seizure disorder, anxiety, and cognitive disorder. After denials at the initial and reconsideration levels, Newman filed a request for a hearing before an Administrative Law Judge.

A hearing was held on August 12, 2013 before the Administrative Law Judge (ALJ), John H. Metz, in Indianapolis, Indiana. Impartial medical experts Dr. Robert Skarloff and Dr. Jack E. Thomas provided testimony at the hearing, as well as impartial vocational expert Michael L. Blankenship. Newman, who was represented by his current counsel and his girlfriend, Angela Spencer, also testified at the hearing. On September 24, 2013, the ALJ issued a decision denying Newman benefits. On January 28, 2015, the Appeals Council upheld the ALJ's decision and denied the request for review. Consequently, the unfavorable hearing decision became the final decision of the Commissioner of Social Security. (20 C.F.R. § 404.981; *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007)). This action for judicial review ensued.

### A.     Plaintiff's Burden of Proof and the ALJ's Five-Step Inquiry

In order to qualify for benefits, Plaintiff must establish that he suffered from a disability as defined by the Social Security regulations. A disability is an "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). To establish a disability, a claimant must present medical evidence of an impairment resulting from:

> anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms.

20 C.F.R. §§ 404.1508, 416.908.

An ALJ must perform a sequential, five-step inquiry to determine whether a claimant is disabled:

   1. Was the claimant unemployed at the time of the hearing?

2. Does the claimant suffer from a severe impairment or a severe combination of impairments?
3. Are any of the claimant's impairments—individually or combined—so severe that the Social Security regulations have listed them as necessarily precluding the claimant from engaging in substantial gainful activity?
4. Does the claimant lack residual functional capacity (RFC) to perform her past relevant work?
5. Does the claimant lack RFC to perform any other work existing in significant numbers in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The Plaintiff is disabled only if the ALJ answers "yes" to all five questions. *See Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). An answer of "no" to any question ends the inquiry immediately and precludes the claimant from eligibility for benefits. *Id.* The claimant bears the burden of proof at Steps One through Four. *Id.* If the claimant succeeds in these steps, the Commissioner bears the burden at Step Five of proving that the Plaintiff is not disabled. *Id.*

**B.    The ALJ's Findings**

Finding that Newman met the insured status requirement of the Social Security Act through December 31, 2017, and that he has not engaged in substantial gainful employment activity since March 20, 2012 (the alleged onset date), the ALJ proceeded to Step Three of the analysis. (Filing No. 12-2, at ECF p. 20). At Step Three, the ALJ considered the seizure disorder and mental impairments that Newman alleged disabled him. The ALJ found that Newman's combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Filing No. 12-2 at ECF p. 22). The ALJ determined Newman had the residual functional capacity (RFC) allowing him to perform light work as defined in 20 C.F.R. §§ 416.967(b), "except that he should never climb ladders, ropes or scaffolds." (Filing No. 12-2 at ECF p. 23). The ALJ further determined that Newman could, in fact, do simple and repetitive tasks, but should not perform fast paced or assembly line tasks. The

ALJ determined that Newman was, "limited to work tasks with only verbal instructions and work that is routine and regular in expectations (in that whatever is done on Monday is done the rest of the week)." Filing No. 12-2 at ECF p. at ECF p. 24.

Based on this RFC, the ALJ concluded that Newman could not perform any of his past relevant work at Step Five. 20 C.F.R. §§ 416.965. The ALJ found that Newman could, however, make a successful adjustment to other work within his RFC. Based on the Vocational Expert's testimony, the ALJ found that there were sufficient jobs in existence within Newman's RFC. Therefore, he concluded that Newman was not disabled, as defined in the Social Security Act. 20 C.F.R. §§ 416.920(g).

## II.     Standard of Review

This Court must affirm the ALJ's decision unless it lacks the support of substantial evidence or rests upon a legal error. *E.g.*, *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); 42 U.S.C. § 405(g). The ALJ—not the Court—holds discretion to weigh evidence, resolve material conflicts, make independent factual findings, and decide questions of credibility. *Richardson v. Perales*, 402 U.S. 389, 399–400 (1971). Accordingly, the Court may not re-evaluate facts, reweigh evidence, or substitute its judgment for the ALJ's. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).

Even where the ALJ has based his decision on a legal error, the Court may not remand the action if the error was harmless. *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). The harmless-error standard does not allow the ALJ's decision to stand simply because it is otherwise supported by substantial evidence. *E.g.*, *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). Substantial-evidence review ensures that the Administration has fulfilled its statutory duty to "articulate reasoned grounds of decision." *Id.* In contrast, review for legal errors "ensure[s] that

the first-line tribunal is not making serious mistakes or omissions." *Walters v. Astrue*, 444 F. App'x 913, 919 (7th Cir. 2011) (non-precedential order) (citing *Spiva*, 628 F.3d at 353). Therefore, an error is harmless only if the Court determines "with great confidence" that remand would be pointless because no reasonable trier of fact could reach a conclusion different from the ALJ's. *McKinzey,* 641 F.3d at 892; *Sarchet v. Chater,* 78 F.3d 305, 309 (7th Cir. 1996).

## II.     Analysis

Newman alleges two grounds for remand. First, he claims that the ALJ failed to address Dr. Thomas Smith's psychological evaluation demonstrating memory problems. Second, Newman claims that the ALJ failed to give proper consideration to the opinions of Newman's treating physician, Dr. John Winikates.

### A. The ALJ Properly and Appropriately Addressed Newman's Psychological Condition Consistent with Dr. Smith's Evaluation.

Newman first alleges that the ALJ erred by not addressing Dr. Smith's psychological evaluation in his Decision. While the ALJ does not mention Dr. Smith and his findings by name, the Decision nevertheless carefully reviewed and considered Newman's psychological symptoms and diagnoses, consistent with Dr. Smith's evaluation and the evaluations of other medical professionals. The ALJ, for instance, discussed the May 2012 psychological evaluation performed by clinical psychologist Dr. Jessica Bissey. Filing No. 12-2 at EFC p. 26. From Dr. Bissey's evaluation, the ALJ noted that Plaintiff was, "alleging disability due to stroke and seizures with residual symptoms, such as nervousness, worry and short-term memory problems . . . intellectual abilities in the borderline range of functioning . . . demonstrated anxiety symptoms . . . some impairment in short-term auditory memory tasks." Filing No. 12-2 at EFC p. 26. Compare this with essentially the same findings by Dr. Smith that Newman was, "near the average [intellectual functioning] range . . . some problems remembering new tasks, instructions and procedures . . .

significant depression with dysphoria, loss of interests, low energy, low libido, slowed functioning, cognitive inefficiency, and low self esteem . . . generalized anxiety disorder with restlessness, edginess, difficulty concentrating, mind going blank, irritability and easy fatigue. [Filing No. 12-9 at EFC p. 10](). It is clear that the ALJ was fully apprised of Newman's psychological diagnoses and condition, and the same was reflected in his findings.[1]

In fact, the RFC assigned to Newman by the ALJ fully and fairly accounted for the limitations addressed in Dr. Smith's evaluation. Newman was found limited to light work without the need to ever climb ladders, ropes or scaffolds, to account for his seizure disorder and anxiety relating to having future seizures or strokes. The RFC also included performing simple and repetitive tasks without speed requirements. Further, Newman's RFC only included consistent, routine, and regular work tasks; a nod to Newman's memory, learning, and anxiety difficulties as found both by Dr. Smith and Dr. Bissey.

An ALJ is not required to cite in his opinion to every piece of evidence in the record. *McKinzey v. Astrue*, 641 F.3d 884, 891 (7th Cir. 2011). Rather, an ALJ must base his decision from the entire record, articulate the basis for his conclusion, and ultimately "build a logical bridge from the evidence to the conclusion." *Schmidt*, 395 F.3d at 744. The findings in Dr. Smith's evaluation and Dr. Bissey's evaluation, and indeed Newman's psychological condition as a whole, were accurately and appropriately accounted for in the ALJ's RFC assessment, resulting in no error.

---

[1] Dr. Smith assigned Newman a Global Assessment of Functioning (GAF) score of 55. Dr. Smith similarly assigned Newman a GAF score of 51. Both scores are within the range of moderate symptom severity and level of functioning accoding to the American Psychiatric Association DSM-IV.

### B. The ALJ Gave Proper Consideration to Newman's Treating-Source Doctor.

Newman's second argument for remand is that the ALJ did not properly consider the opinion of Dr. John Winikates, Plaintiff's treating-source doctor. An ALJ may decide that a treating-source doctor's opinion is not entitled to "controlling weight," upon considering the length, nature, and extent of the treatment relationship; the extent to which the source doctor supports his opinion with explanations; the opinion's consistency with the record as a whole; whether the source has rendered an opinion in his area of specialty; and other factors, such as the source's familiarity with disability proceedings and the other evidence in the record. 20 C.F.R. § 416.927(c)(2)–(6). While each factor must be considered, the ALJ need not address each factor explicitly in the written opinion. An ALJ is required, however, to articulate at least "good reasons" for his decision to not give the treating physician's opinion greater weight. 20 C.F.R. § 416.927(c)(2).

Here, the ALJ acknowledged that Dr. Winikates was Newman's treating physician, but determined that the doctor's opinion was not entitled to controlling weight. The ALJ explained that Dr. Winikates' opinions were "without substantial support from the other evidence of the record, which obviously renders it less persuasive. Specifically, [Newman's] daily and social activities demonstrate a higher level of functioning." Filing No. 12-2 at EFC p. 12. The ALJ reasonably found that Dr. Winikates' opinion failed to account for the difference in his findings and Newman's otherwise reported levels of functioning. This reasoned approach certainly satisfies the requirement of explaining the less than controlling weight given to the treating doctor's opinion. *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). The path of the ALJ's reasoning is readily discernable. I again find no error in the ALJ's opinion in this regard.

## IV.  Conclusion

For the foregoing reasons, I recommend that the Court **AFFIRM** the ALJ's opinion. Any objections to this Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. ' 636(b)(1) and Fed.R.Civ.P. 72(b). Failure to file timely objections within 14 days after service will constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED** the 26th day of February, 2016.

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**